# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES BURCH, | ) |
| | ) |
|       Petitioner, | ) |
| v. | )   No. 1:12-cv-00388-JMS-DML |
| | ) |
| KEITH BUTTS, | ) |
| | ) |
|       Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* Because habeas petitioner James Burch fails to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

## Discussion

In a disciplinary proceeding identified as No. ISR 12-01-0122, Burch was found guilty of violating a rule at an Indiana prison. Contending that the proceeding was constitutionally infirm, Burch seeks a writ of habeas corpus.

Based upon the pleadings and the expanded record, the parties agree on the salient facts. The sanctions imposed based on Burch's misconduct included a suspended deprivation of earned good time. Due to the passage of time during which that particular sanction was not imposed, the specific sanction can no longer be imposed. This renders Burch unable to satisfy the "in custody" requirement of the federal habeas statute. The remaining sanctions did not result in the imposition of custody and hence cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004)("State prisoners who want to raise a constitutional challenge to a[ ] . . . decision[ ] such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must . . . employ [42 U.S.C.] ' 1983 or another statute authorizing damages or injunctions--when the decision may be challenged at all . . . ."); *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(explaining that when no recognized liberty or property interest has been taken, which is the case here, the confining authority Ais free to use any procedures it chooses, or no procedures at all@)

The respondent's motion to dismiss [14] is **granted**. The petition for writ of habeas corpus is denied. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/30/2012

*(signature)*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**James Burch**
**No. 208000**
**Pendleton Correctional Facility**
**Inmate Mail/Parcels**
**4490 West Reformatory Road**
**Pendleton, IN  46064-9001**

**Electronically Registered Counsel**